# In the Iowa Supreme Court

No. 24–1351

Submitted September 10, 2025—Filed November 14, 2025

**Benjamin Fogle** and **Amanda Fogle,** on behalf of minor child **P.F.,**

Appellees,

vs.

**Clay Elementary School–Southeast Polk Community School District, Dirk Halupnik, Andrea Bruns,** and **Carla Rivas,** individually and in their official capacities with Southeast Polk Community School District,

Appellants.

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, judge.

The defendants appeal the denial of their motion to dismiss certain chapter 216 and common law claims on the basis that the plaintiffs failed to meet the pleading requirements of Iowa Code section 670.4A. **Appeal Dismissed and Case Remanded.**

Oxley, J., delivered the opinion of the court, in which all justices joined.

Samuel A. McMichael (argued) and Lindsay A. Vaught of Ahlers & Cooney, P.C., Des Moines, for appellants.

Marrissa Pasker (argued) and Christopher Stewart of Boles Witosky Stewart Law PLLC, Des Moines, for appellees.

**Oxley, Justice.**

In 2021, the general assembly added a provision to the Iowa Municipal Tort Claims Act (IMTCA) that extends qualified immunity protection to municipal employees and officers in certain situations. 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A (2022)). Plaintiffs alleging a violation of law under the IMTCA in such situations must plead the claim with particularity and plausibility, and they must show that the law was clearly established at the time of its violation. Iowa Code § 670.4A(3) (2022). A petition that fails to meet these heightened pleading requirements faces the severe remedy of dismissal with prejudice. *Id.*

A school district and three of its employees seek to use this heightened pleading standard to dismiss discrimination-based claims brought against them under the Iowa Civil Rights Act (ICRA) and to dismiss common law tort claims. But the newly enacted qualified immunity and its heightened pleading standard apply to "a claim brought under" the IMTCA. *Id.* § 670.4A(1). The challenged claims in this case were brought under the ICRA, not under the IMTCA. And our recent decision in *Doe v. Western Dubuque Community School District*, 20 N.W.3d 798 (Iowa 2025), precludes application of the IMTCA's qualified immunity provisions to common law tort claims. Because none of the claims are subject to qualified immunity under section 670.4A, the defendants were not entitled to take an appeal as of right under subsection 670.4A(4). As explained below, we therefore dismiss the appeal for lack of appellate jurisdiction.

**I. Factual Background and Proceedings.**

"Because this case involves an appeal from a ruling on a motion to dismiss, we accept the facts as alleged in the petition as true." *1000 Friends of Iowa v. Polk Cnty. Bd. of Supervisors*, 19 N.W.3d 290, 293 (Iowa 2025). According to the

petition filed by Benjamin and Amanda Fogle (collectively "the Fogles"), their son, P.F., was bullied, harassed, and assaulted by other students at Clay Elementary School during the 2022–2023 school year because of his sexual orientation. The students' verbal harassment escalated into four physical assaults over a four-month span by Z.M., another male student in P.F.'s fifth-grade class. The petition alleges that all of the defendants—Clay Elementary School–Southeast Polk Community School District, Southeast Polk superintendent Dirk Halupnik, Clay Elementary School principal Andrea Bruns, and Clay Elementary School fifth-grade teacher Carla Rivas (collectively "the defendants")—knew about these incidents when each occurred. Yet, they failed to protect P.F. or promptly notify his parents, instead blaming P.F. or dismissing Z.M.'s conduct. The Fogles removed P.F. from school and filed reports with the Altoona Police Department and the Iowa Department of Health and Human Services following the fourth physical assault.

The Fogles also brought legal action against the school district and its employees. They first followed the procedural requirements for bringing a civil rights discrimination claim by filing a complaint with the Iowa Civil Rights Commission (ICRC). The ICRC ultimately issued a right-to-sue letter for the Fogles' charges, and the Fogles filed the operative amended petition in the Iowa District Court for Polk County on May 16, 2024. As relevant here, the petition asserted three ICRA claims and three common law torts. Two of the ICRA claims were brought against the school district under Iowa Code § 216.9 for sex discrimination with respect to education (count II) and harassment with respect to education (count III). The third ICRA claim was brought against Halupnik, Bruns, and Rivas under Iowa Code § 216.11 for aiding and abetting the education discrimination (count IV). The Fogles also brought common law

claims, including breach of fiduciary duty against all defendants (count V), negligence against all defendants (count VI), and negligent training and supervision against the school district, Halupnik, and Bruns (count VII).

The defendants moved to dismiss each of these counts for failing to meet the pleading requirements of the IMTCA. *See id.* § 670.4A(3). The heightened pleading standard requires "a plaintiff who brings a claim under [the IMTCA] alleging a violation of the law" to allege a violation of clearly established law with particularity of the circumstances constituting the violation and plausibility that a violation indeed occurred. *Id.*; *see also Carver-Kimm v. Reynolds*, 992 N.W.2d 591, 596–97 (Iowa 2023) (discussing the newly enacted pleading standard). By statute, the mandatory sanction for failing to meet this heightened standard is severe: "dismissal with prejudice." Iowa Code § 670.4A(3). The district court denied the defendants' motion to dismiss the Fogles' ICRA and common law claims. It concluded that the ICRA claims were not "torts" subject to the IMTCA and that the Fogles' common law claims met the IMTCA's heightened pleading requirements.

The defendants then filed a notice of appeal from the denial of their motion to dismiss these counts, asserting the appeal was allowed as a matter of right. *See id.* § 670.4A(4) ("Any decision by the district court denying qualified immunity shall be immediately appealable."). We retained the appeal.

**II. Analysis.**

"We review a district court's ruling on a [preanswer] motion to dismiss for the correction of errors at law." *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020) (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)). In our review, "we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* (quoting *Shumate*, 846 N.W.2d at 507). We

construe the allegations in the light most favorable to the petition, "resolving all doubts and ambiguities in [the plaintiff's] favor." *Id.* at 298–99 (alteration in original) (quoting *Schreiner v. Scoville*, 410 N.W.2d 679, 680 (Iowa 1987)). A defendant is entitled to dismissal only if the petition is "legally deficient and the plaintiff has no right of recovery as a matter of law." *White v. Harkrider*, 990 N.W.2d 647, 650 (Iowa 2023).

**A. The IMTCA Does Not Apply to an ICRA Claim Against a Municipality.** The ICRA is a comprehensive statute governing unfair or discriminatory practices. *See generally* Iowa Code ch. 216. *See also Shumate*, 846 N.W.2d at 515 (discussing "the comprehensive procedures set forth in chapter 216"). It covers a variety of settings, including education. *See* Iowa Code § 216.9(1) ("It is an unfair or discriminatory practice for any educational institution to discriminate . . . in any program or activity."); *Palmer Coll. of Chiropractic v. Davenport C.R. Comm'n,* 850 N.W.2d 326, 332 (Iowa 2014) (addressing an appeal from judicial review of the ICRC's finding that Palmer College of Chiropractic violated the ICRA when it failed to accommodate a blind student in its classes).

As part of its detailed legislative scheme, the ICRA provides the exclusive procedural avenue for plaintiffs seeking redress under chapter 216:

> A person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative relief by filing a complaint with the [ICRC] in accordance with section 216.15. This provision also applies to persons claiming to be aggrieved by an unfair or discriminatory practice committed by the state or an agency or political subdivision of the state, notwithstanding the terms of the Iowa administrative procedure Act, chapter 17A.

Iowa Code § 216.16(1); *see also Shumate,* 846 N.W.2d at 513 ("Chapter 216, the ICRA, requires persons with a disability to follow specific procedures to

vindicate the rights created by the chapter. Namely, an aggrieved party must file a complaint with the ICRC." (citations omitted)).

A plaintiff must file the claim with the ICRC "within three hundred days after the alleged discriminatory or unfair practice occurred." Iowa Code § 216.15(13). The ICRC then investigates the claim and recommends to an administrative law judge whether there is probable cause to believe an ICRA violation has occurred. *Id.* § 216.15(3)(*a*); *see also Ackelson v. Manley Toy Direct, L.L.C.,* 832 N.W.2d 678, 680 n.1 (Iowa 2013) (explaining the ICRA's administrative framework). The complaint is dismissed "[i]f the administrative law judge finds that no probable cause exists." Iowa Code § 216.15(3)(*c*). But if the administrative law judge finds that probable cause does exist, then "the ICRC 'shall promptly endeavor to eliminate the discriminatory or unfair practice by conference, conciliation, and persuasion.' " *Rent-A-Ctr., Inc. v. Iowa C.R. Comm'n,* 843 N.W.2d 727, 731 (Iowa 2014) (quoting Iowa Code § 216.15(3)(*c*)). A claim under the ICRA reaches the courts "only after filing a complaint with the ICRC and receiving a right-to-sue letter." *Shumate,* 846 N.W.2d at 514 (citing Iowa Code § 216.16(2), which sets forth the requirements to bring an action in district court under the ICRA).

We have previously recognized that "[t]he benefits of this procedural framework are manifold." *Id.* The ICRA's administrative framework honors agency expertise, preserves judicial resources, resolves matters confidentially, fosters negotiations between the parties, and weeds out unmeritorious claims. *Id.* These benefits led us to reject an interpretation of the ICRA that would duplicate or interfere with its enforcement procedures. *Id.* at 514–15 (declining to recognize an implied right of action under Iowa Code chapter 216C).

Two years after the ICRA was enacted in 1965, the IMTCA was enacted in 1967. *See* 1965 Iowa Acts ch. 121 (originally codified at Iowa Code ch. 105A (1966), now codified as amended at Iowa Code ch. 216 (2022)) (enacting ICRA); 1967 Iowa Acts ch. 405 (originally codified at Iowa Code ch. 613A (1971), now codified as amended at Iowa Code ch. 670 (2022)) (enacting IMTCA). The IMTCA removes governmental immunity that otherwise would bar certain tort claims against municipalities. *Venckus v. City of Iowa City*, 930 N.W.2d 792, 809 (Iowa 2019) (explaining that the IMTCA does not expand or create causes of actions but "[i]nstead, the Act allows people to assert claims against municipalities, their officers, and their employees that otherwise would have been barred by the doctrine of [governmental] immunity"); *see also* Iowa Code § 670.1(4) (defining a "tort" under the IMTCA), .2(1) (imposing liability on municipalities "for its torts and those of its officers and employees").

The ICRA, however, had already removed that immunity for certain discriminatory or unfair practices engaged in by municipalities when it included municipalities—and school districts—as entities subject to its provisions. *See* Iowa Code § 216.2(7) (" *'Employer'* means the state of Iowa or any political subdivision, . . . or school district thereof . . . ."), (12) (defining "person" to include "the state of Iowa and all political subdivisions and agencies thereof"). As relevant here, the ICRA imposes liability on "any educational institution" that discriminates against a person in a protected class "in any program or activity," *id.* § 216.9(1), defining "educational institution" to "include[] *any* . . . elementary . . . school . . . and [its] governing board[]," *id.* § 216.9(2) (emphasis added). No one suggests that a public school is not covered by this definition. The ICRA also imposes liability on "[a]ny person" who intentionally aids and abets such discrimination. *Id.* § 216.11(1). Thus, an ICRA claim against

a school district or its employees for discrimination in education does not rely on the IMTCA's abrogation of governmental immunity for tort claims against a municipality. "[T]he two laws have co-existed for more than a half-century without an Iowa appellate court ever tying them together." *Dickey v. Mahaska Health P'ship,* 705 F. Supp. 3d 883, 891 (S.D. Iowa 2023).[1]

With this background, we turn to recent amendments to the IMTCA that the defendants rely on to seek dismissal of the ICRA claims against them. In June 2021, the general assembly added a provision to the IMTCA providing qualified immunity to municipal officers and employees in certain circumstances. 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A (2022)). The defendants argue this provision governs their motion to dismiss the Fogles' ICRA claims.

Section 670.4A was enacted to counteract the broad and often unpredictable liability that municipalities faced under our now-overturned constitutional tort caselaw. *Doe,* 20 N.W.3d at 803–07 (discussing how "[s]ection 670.4A was intended to serve as shelter from the *Godfrey* [*v. State,* 898 N.W.2d 844 (Iowa 2017),] storm"). It did not "effectively repeal the common law system of municipal officer and employee liability that has been in place since 1967." *Id.* at 807–08. Instead, it reinstated some of the immunity previously abrogated by the IMTCA. *See id.* at 804 ("[S]ection 670.4A(1) provided a substantive qualified immunity defense to officers and employees of municipalities."). Specifically, it provides that "an employee or officer subject to a claim brought under this chapter shall not be liable for monetary damages" if, generally speaking, the

---

[1]In *Dickey v. Mahaska Health Partnership*, a recent, thorough published opinion of the United States District Court for the Southern District of Iowa, the court reached the same conclusion as we do concerning the applicability of section 670.4A to ICRA claims. 705 F. Supp. 3d at 891–94.

illegality of the municipal employee's actions was not clearly established when the employee acted. Iowa Code § 670.4A(1). By its plain language, qualified immunity under section 670.4A is limited to "a claim brought under this chapter," i.e., the IMTCA, "for monetary damages." *Id.*; *see also 1000 Friends of Iowa*, 19 N.W.3d at 295–96 (holding that the qualified immunity provisions did not preclude a claim seeking a writ of certiorari declaring that a county board's actions were illegal without any claim for monetary damages). The Fogles seek monetary damages, so the fighting issue is whether their ICRA claims were "brought under" the IMTCA.

Despite the two statutes' coexistence for nearly sixty years, the defendants cite no appellate case where an ICRA claim was considered as one brought under the IMTCA, and we are aware of none. Nonetheless, the defendants would have us hold for the first time that the Fogles' ICRA claims are "brought under" the IMTCA, arguing that the IMTCA's broad tort definition encompasses an ICRA claim. *See* Iowa Code § 670.1(4) (" *'Tort'* means every civil wrong which results in wrongful death or injury to person or injury to property or injury to personal or property rights and includes but is not restricted to actions based upon negligence; error or omission; nuisance; breach of duty, whether statutory or other duty or denial or impairment of any right under any constitutional provision, statute or rule of law."). But the addition of qualified immunity into the IMTCA did not affect the statute's definition of "tort," which has been in place since 1974. *See* 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A (2022)) (adding qualified immunity to the IMTCA); 1974 Iowa Acts ch. 1263 § 2(3) (originally codified at Iowa Code § 613A.1(3) (1975), now codified at Iowa Code § 670.1(4) (2022)) (enacting the current definition for what constitutes a "tort" under the IMTCA).

Nor does the IMTCA's broad tort definition necessarily mean that an ICRA claim is one "brought under" the IMTCA. We have long decided ICRA claims against municipalities without reference to the IMTCA. *See, e.g., Rheeder v. Gray*, 23 N.W.3d 1, 13–19 (Iowa 2025) (analyzing merits of ICRA claim against municipality without discussing IMTCA); *Valdez v. W. Des Moines Cmty. Schs.*, 992 N.W.2d 613, 630–33 (Iowa 2023) (same); *Deeds v. City of Marion*, 914 N.W.2d 330, 339–49 (Iowa 2018) (same); *City of Hampton v. Iowa C.R. Comm'n*, 554 N.W.2d 532, 535–36 (Iowa 1996) (same); *Woodbury County v. Iowa C.R. Comm'n*, 335 N.W.2d 161, 168 (Iowa 1983) (en banc) (same). Indeed, we have identified "troublesome question[s]" when ICRA claims are compared to tort claims. *See, e.g., Chauffeurs, Loc. Union No. 238 v. Iowa C.R. Comm'n*, 394 N.W.2d 375, 383 (Iowa 1986) (recognizing a "troublesome question exists" with respect to "whether a civil rights complainant must show outrageous conduct, as required in the tort cases, in order to prevail on his claim for emotional distress damages," but passing on the question based on the posture of the case).

Federal courts have expressly addressed ICRA claims as distinct from IMTCA claims. *See Dickey*, 705 F. Supp. 3d at 891 ("It is difficult to believe that Iowa appellate courts—and the parties litigating before them—repeatedly and consistently misunderstood throughout this fifty-plus-year period that they should have been looking to the IMTCA for governing legal standards and principles [for ICRA claims]."); *Bruning ex rel. Bruning v. Carroll Cmty. Sch. Dist.*, 486 F. Supp. 2d 892, 919–20 (N.D. Iowa 2007) (separately considering whether school district defendants were entitled to summary judgment with respect to claimed violations of ICRA for student-on-student harassment and with respect to common law claims of negligence, premises liability, and failure-to-protect under the IMTCA); *Fink v. Kitzman*, 881 F. Supp. 1347, 1388–89 (N.D. Iowa

1995) (separately addressing the availability of punitive damages for a plaintiff's age and disability discrimination claims under ICRA and for her common law wrongful discharge claim under the IMTCA). Adding qualified immunity to the IMTCA did nothing to bring the ICRA within its ambit, and we decline to place an ICRA claim within the IMTCA's broad definition of "tort" for the first time here. *See Doe*, 20 N.W.3d at 807–08 (noting the qualified immunity statute did not "effectively repeal the common law system of municipal officer and employee liability that has been in place since 1967").

Applying the procedural requirements in the IMTCA to the Fogles' ICRA claims would be incompatible with the exclusive legislative scheme for bringing an ICRA claim, reinforcing our conclusion that an ICRA claim is not a claim "brought under" the IMTCA. For example, the statutes provide different mechanisms and timing for bringing a claim in district court. As previously discussed, an ICRA claim must first be presented to the ICRC within 300 days of the discriminatory practice and sit with the ICRC for at least 60 days before it can be brought in district court. Iowa Code § 216.15(13), .16(1)–(2). And then the petitioner has only 90 days to file suit in district court after receiving the ICRC's right-to-sue letter. *Id.* § 216.16(4) ("An action authorized under this section [in district court] is barred unless commenced within ninety days after issuance [of the ICRC right-to-sue letter].""). In contrast, a claim under the IMTCA is brought directly in district court, subject to a two-year statute of limitations. *Id.* § 670.5. The defendants' response that the ICRA administrative requirements still apply concedes the point. Where the comprehensive ICRA filing and time-limit provisions trump the IMTCA provisions, the claim is one brought under the ICRA, not the IMTCA. *Cf. Shumate*, 846 N.W.2d at 514–15 (holding that chapter 216C, which governs the right to access certain buildings by persons with a

disability or persons training an assistive animal, did not create an implied right of action, in part because doing so "would create an alternative enforcement mechanism" contrary to the comprehensive scheme set out in chapter 216).

The remedies available under each differ, too. Punitive damages may be awarded against a municipal employee in a claim brought under the IMTCA, Iowa Code § 670.12 (allowing for punitive damages against an officer or employee if "actual malice or willful, wanton and reckless misconduct is proven"), but not in a claim under the ICRA—other than for housing discrimination, *Ackelson*, 832 N.W.2d at 687–88 (reaffirming that punitive damages are not available for an ICRA claim other than one for housing discrimination as expressly authorized by section 216.17A(6)(*a*)). Again, there is no "alternative enforcement mechanism" for an ICRA claim. *Shumate*, 846 N.W.2d at 515. The defendants' contention that the IMTCA can merely yield when inconsistent with the ICRA proves the point. If the IMTCA must yield, it does not apply.

We reject the defendants' attempt to intertwine the statutes here. Chapter 216 mandates comprehensive, carefully prescribed procedures for bringing a claim to vindicate rights protected by the ICRA. *See id.* at 513–15. An ICRA claim must be "brought under" chapter 216. It is not "brought under" chapter 670, and the IMTCA's qualified immunity provisions do not apply to the Fogles' ICRA claims here.

**B. Common Law Tort Claims Against a Municipality Must Only Satisfy Notice Pleading.** The defendants also appealed the district court's conclusion that the amended petition satisfied section 670.4A's heightened pleading requirements with respect to the common law claims. We decided *Doe*, 20 N.W.3d 798, after briefing was completed in this appeal. In *Doe*, we clarified that qualified immunity under the IMTCA does not apply to common law tort claims. *Id.* at

806–07 ("[S]ection 670.4A applies only where the plaintiff has asserted a state constitutional tort claim or statutory claim and not where the plaintiff has asserted only a state common law claim.").

Because the heightened pleading standard does not apply to the Fogles' common law claims, the defendants' challenge to the district court's order necessarily fails. The defendants' appeal is premised on the denial of qualified immunity under section 670.4A, including its heightened pleading standards. But the defendants conceded at oral argument that, under *Doe,* those standards do not apply to the common law claims at issue here. *See id.* The only issue before us in this interim appeal is whether the pleadings met the heightened pleading standard. Because those standards do not apply, the district court appropriately denied the motion to dismiss the common law counts.

**III. Conclusion.**

"When section 670.4A is viewed as a whole, it is clear the substantive defense [under subsection (1)] and heightened pleading requirement [under subsection (3)] are a couplet. . . . As a couplet, when the substantive qualified immunity defense is inapplicable, then the heightened qualified immunity pleading standard is also inapplicable." *Id.* at 805. In other words, section 670.4A is a package deal; it either applies in total, or it does not apply at all. This includes subsection (4), which gives a defendant an appeal as a matter of right from the denial of qualified immunity. *See* Iowa Code § 670.4A(4). Because section 670.4A does not apply to any of the challenged claims, subsection (4) did not authorize the defendants' appeal as a matter of right. We therefore dismiss the appeal for lack of appellate jurisdiction. *See In re N.F.*, 17 N.W.3d 667, 674 (Iowa 2025) ("Unless an appeal is authorized by statute, we lack jurisdiction, and we must dismiss the appeal."); *State v. Treptow*, 960 N.W.2d 98, 110 (Iowa 2021)

(dismissing appeal where the defendant failed to "establish[] good cause to pursue his appeal as a matter of right under section 814.6").

**Appeal Dismissed and Case Remanded.**